UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DAVID A KELLY,

Plaintiff,

v.

NISOURCE INC.,

Defendant.

Case No. 2:26-CV-00321-GSL-JEM

**OPINION AND ORDER**

This matter is before the Court on Defendant NiSource Inc.'s Motion to Dismiss. [DE 4]. The Motion to Dismiss has been fully briefed [DE 4, 8, 9, 12][1] and the Court has reviewed each party's arguments and attachments.

Additionally, Plaintiff filed a "Reply to Notice of Removal" on July 30, 2026. [DE 7]. Although stylized as a reply, the filing challenges the Court's removal jurisdiction and asks the Court to remand Plaintiff's claim to the Lake County Superior Court. [DE 7 at 14]. Defendant responded in opposition, construing the "reply" as a motion to remand. [DE 10 at 1 n.1]. Plaintiff replied thereafter. [DE 11]. Accordingly, the removal issue has been fully briefed, and the Court will treat Plaintiff's July 30 motion as a Motion to Remand.

Both motions are ripe and ready for ruling. For the reasons set forth below, the Motion to Remand [DE 7] is **DENIED**, and Defendant's Motion to Dismiss [DE 4] is **GRANTED.**

---

[1] Plaintiff sur-replied on August 25, 2026. [DE 12]. Although Plaintiff should not sur-reply without requesting leave of this Court, Plaintiff did not object to the sur-reply, and the Court has considered the additional reply in reaching its decision.

## BACKGROUND

Plaintiff filed this matter in the Lake County Superior Court on June 18, 2026. [DE 1-2 at 2]. Plaintiff alleges that Defendant "breached a 2003-year contract with plaintiffs … executed pursuant to Plaintiff's participation in [a] Supplemental Executive Retirement Plan." *Id.* Under that contract, Defendant supposedly agreed to "pay[] 100% of [Plaintiff's] medical benefit insurance." *Id.* at 4. In January 2026, Plaintiff's medical plan transitioned to new terms which required Plaintiff to cover a portion of his healthcare premiums. *See id.* at 4-6, 13-17. Plaintiff seeks to recoup those costs and restore prior coverage. [DE 1-1 at 3].

To support his claim that the "supplemental executive termination package … is a contract … to pay medical insurance premium[s]," Plaintiff attaches at least six exhibits. [DE 1-2 at 4, 6]. Exhibit 1 is a "Benefits Comparison" chart that lists different life insurance and medical coverage options for retirees. *Id.* at 7. The exhibit states, in part, "If you retire on or before January 1, 2004, NiSource pays 100% of your medical cost and you pay 0%." *Id.* Exhibit 2 is a list of Plaintiff's "termination benefits." *Id.* at 8. The list states that "Retiree will be entitled to the retiree life and medical benefits plan for retirees prior to January 1st 2024." *Id.* The document is not signed or dated. Plaintiff alleges Exhibit 2 is "a comprehensive Supplemental Executive Retirement contractual agreement." *Id.* at 5. Additionally, Plaintiff attaches a Pension Election Confirmation Summary (Exhibit 3), a SERP Calculation Spreadsheet (Exhibit 4), a retirement worksheet which states "[n]o premium contribution required" (Exhibit 5), and a resume with Plaintiff's "background and accomplishments," (Exhibit 6). *Id.* at 9-12, 31. Plaintiff also includes Defendant's February 2026 letter responding to Plaintiff's claim for restored medical coverage. *Id.* at 13-17. Finally, Plaintiff attaches to his Motion to Remand a summary of his 2023 Anthem Health Insurance plan design. [DE 7-1 at 6-26].

On July 16, 2026, Defendant removed this action pursuant to 28 U.S.C. § 1441 on the grounds that Plaintiff's allegations, while "pleaded as a state-law claim … are completely preempted by the Employee Retirement Income Security Act of 1974 ('ERISA')." [DE 1 at 1]. Defendant contends that although Plaintiff indeed received an executive termination package and Supplemental Executive Retirement Plan, neither guaranteed 100% medical coverage. *Id.* at 2. Instead, Plaintiff's termination benefits placed him in an ERISA-governed Post-65 Retiree Medical Plan. *Id.* at 2-3. Because Plaintiff fundamentally challenges the terms of that ERISA plan, Defendant says jurisdiction is proper. *Id.*

On July 30, 2026, Plaintiff moved to remand to state court because "Plaintiff's individual medical indemnity agreement is not a plan, fund, program, or contract governed by ERISA." [DE 7 at 2]. Plaintiff admits he participates in the Post-65 Retiree Medical Plan. [*See* DE 11 at 3, 7-8]. However, Plaintiff maintains that the exhibits attached to the pleadings represent "a separate agreement … under which NiSource agreed to pay 100% of [Plaintiff's] medical costs." [DE 7 at 5].

Additionally, Defendant filed a Motion to Dismiss, arguing that because Plaintiff's claim is governed by ERISA, and because Plaintiff did not exhaust his available remedies, Plaintiff's claim must be dismissed. [DE 4].

## LEGAL STANDARD

This Court's jurisdiction is limited to "Cases" and "Controversies" under Article III of the U.S. Constitution. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). That includes original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Where a claim could have originally been brought in federal court—under a federal statute, for example—a defendant may remove that case to federal court. 28 U.S.C. § 1441(a). Upon removal, the removing defendant has the burden of proving all elements of jurisdiction, including Article III standing. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

If the Court establishes jurisdiction, it may then proceed to a 12(b)(6) motion, which "test[s] the sufficiency of the complaint." *Triad Assocs., Inc. v. Chicago Housing Authority*, 892 F.2d 583, 586 (7th Cir. 1989). A complaint will survive a Rule 12(b)(6) motion when "stat[ing] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "When examining a motion to dismiss, [a court will] accept as true all well-pleaded facts in the complaint and draw reasonable inferences in favor of the plaintiff." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022) (citations omitted).

**DISCUSSION**

I. Motion to Remand

Because the Court must find jurisdiction before proceeding to a 12(b) motion, *see Collier*, 889 F.3d at 897, the Court will rule on the remand issue first. Defendant argues that the Court has federal question jurisdiction because Plaintiff's breach of contract claim is completely preempted by ERISA. [DE 1 at 1].

"Complete preemption … confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim. ERISA is such an area." *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Tr. Fund*, 538 F.3d 594, 596 (7th Cir. 2008). Because employee benefit plan regulation under ERISA is "exclusively a federal concern," claims within ERISA's scope may therefore be raised in (or removed to) federal court under 28 U.S.C. § 1331. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 200 (2004) (quoting *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 523 (1981)).

Complete preemption is a "powerful" doctrine. *Halperin v. Richards*, 7 F.4th 534, 540 (7th Cir. 2021). It allows the Court to bypass the traditional well-pleaded complaint rule by instead "convert[ing] an ordinary state common law complaint into one stating a federal claim" if the state claim falls within the federal law's ambit. *Davila*, 542 U.S. at 209 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)). Such "recharacterization" prevents plaintiffs from "disguis[ing] federal claims by cleverly dressing them in the clothing of state-law theories." *Franciscan*, 538 F.3d at 596.

The Seventh Circuit has adopted the two-part test established in *Davila* to determine when a claim falls within ERISA's scope. *Id.* at 597 & n.1 (quoting *Davila*, 542 U.S. at 210). First, a defendant must show that the "individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210. Section 502 allows a plaintiff "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). Second, there must be "no other independent legal duty that is implicated by a

defendant's actions." *Davila*, 542 U.S. at 210. A state claim that satisfies both prongs "is completely preempted." *Id.*

Beginning with the first of the *Davila* factors, the parties agree that Plaintiff "participates [in] and receives benefits from NiSource's retiree benefits plan that is subject to ERISA." [DE 11 at 3; DE 1 at 4]. However, Plaintiff contends that his claim is not about that ERISA plan, but about an *additional* agreement made "pursuant to" his Supplemental Retirement Plan. [DE 1-2 at 2]. Defendant responds that the Complaint and exhibits merely show a dispute over benefits owed under an ERISA-covered medical plan. [*See* DE 1].

The Court agrees with Defendant. Although Plaintiff claims the existence of a separate contract, Plaintiff has not attached any such contract to the pleadings. And a review of the pleading exhibits alongside Defendant's briefing suggests that Plaintiff's allegations concern the range of his ERISA plan benefits, not the terms of an independent agreement. For example, Exhibit 1 is a "NiSource Benefits Comparison" which states that Defendant will cover all medical costs. [DE 1-2 at 7]. But as Defendant points out, this appears to be a handout with estimated costs and plan coverage options for future retirees—not an extraneous agreement. Similarly, Exhibit 2 refers to "retiree life and medical benefits plan for retirees prior to January 1st 2004." *Id.* at 8. That "contractual agreement" plainly refers to a group retirement plan. *Id.* at 5. Plaintiff's own exhibits persuade the Court that his dispute relates to the scope of the ERISA plan benefits promised to him, falling plainly under § 502.

Plaintiff's benefits denial letter further confirms the point. [DE 1-3]. Before filing suit, Plaintiff tried to restore his plan benefits using Defendant's ERISA-mandated review system. *Id.* at 5. Defendant conducted a review of each document relied upon by Plaintiff in his pleadings, explained why each did not entitle Plaintiff to additional benefits, and informed Plaintiff of his

eventual "right to bring a civil action under Section 502(a) of ERISA." *Id.* That Plaintiff initiated a benefits review, and that Defendant indeed addressed his claim under an ERISA framework, further demonstrates to the Court that what Plaintiff seeks is a § 502 remedy.

Even assuming Plaintiff has plausibly alleged a separate contract and not simply attached his plan terms, the Court reaches the same result. In *Bartholet v. Reishauer A.G. (Zurich)*, a plaintiff brought a similar breach of contract claim, alleging that his employer had signed an agreement that "promised to establish a pension plan that counted [the plaintiff's] years of service with COSA, and that the plan established in 1985 failed to do this." 953 F.2d 1073, 1078 (7th Cir. 1992). When the defendant removed the case based on preemption, the plaintiff motioned for remand, arguing (almost verbatim what Plaintiff does here) that he sought "to enforce his 1981 contract with [defendant], which is not an 'employee benefit plan.'" *Compare id.* at 1076, *with* [DE 11 at 4 (the "2003 contract obligation to fulfill the 100% medical coverage … is not a 'plan.'")].

On appeal, the Seventh Circuit held that the contract claim fell under ERISA. "A suit based on the difference between the pension promised by contract and the pension established by the plan 'relates to' the pension plan." *Bartholet*, 953 F.2d at 1077. That logic applies squarely to Plaintiff's medical plan here. Although "some courts" may view Plaintiff's contract to enhance benefits as distinct from the plan itself, the Seventh Circuit "[is] not among them." *Id.* at 1076. Accordingly, Plaintiff's claim is about the "benefits due to him under the terms of his plan" and could be brought under ERISA § 502.

Proceeding to *Davila*'s second step, Defendant must show that the action does not "implicate [an]other independent legal duty." 542 U.S. at 210. "A legal duty is 'independent' if 'it is not based on an obligation under an ERISA plan, or it would exist whether or not an ERISA

plan existed.'" *Behrens v. BMO Harris Bank, N.A.*, 2017 WL 3234373, at *4 (N.D. Ill. July 31, 2017) (quoting *N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297 303 (3d Cir. 2014)); *see also Studer v. Katherine Shaw Bethea Hosp.*, 867 F.3d 721, 726 (7th Cir. 2017) (holding claim must be "entirely independent of ERISA."). Defendant argues that, though dressed as a state law claim, Plaintiff's claim is so "intertwined with" his ERISA plan that it "cannot be resolved without interpreting the plan." [DE 4 at 6-7].

The Court agrees. As explained above, Plaintiff's claim for benefits is fundamentally about his employer's obligations under an ERISA plan. Resolution will require analysis of Plaintiff's current benefits, "whether [] benefits were vested, [and] whether NiSource properly administered [Plaintiff's] plan." [DE 4 at 7]. Because interpretation of those terms "forms an essential part of [the] claim," Plaintiff "do[es] not attempt to remedy any violation of a legal duty independent of ERISA." *Davila*, 542 U.S. at 213-14.

Plaintiff's claim satisfies both prongs of *Davila* and is "within the scope of § 502(a) of ERISA." *Speciale v. Seybold*, 147 F.3d 612, 615 (7th Cir. 1998). Therefore, the breach of contract claim is properly recharacterized as a federal one, and the Court has jurisdiction. Plaintiff's Motion to Remand [DE 7] is DENIED.

II. Motion to Dismiss

Having established jurisdiction, the Court turns to Defendant's Motion to Dismiss. [DE 4]. Defendant asks the Court to dismiss this matter because Plaintiff failed to exhaust his administrative remedies before bringing his claim. *Id.* at 7-9. Although exhaustion of remedies is an affirmative defense, the Court may rule on a 12(b)(6) exhaustion motion where "a plaintiff's allegations clearly point to the existence of the defense." *Baird v. Steel Dynamics, Inc.*, 2024 WL

3983741, at *3 (N.D. Ind. Aug. 29, 2024) (citing *Adamczyk v. Lever Bros. Co.*, 991 F. Supp. 931, 934 (N.D. Ill. 1997)).

Plaintiff's claim has been recharacterized as an ERISA claim and therefore "the analytical framework of ERISA" applies. *Estes v. Beta Steel Corp.*, 2006 WL 3542731, at *8 (N.D. Ind. Nov. 7, 2006). That framework requires "an ERISA plaintiff [to] exhaust his internal administrative remedies" before bringing a claim. *Zhou v. Guardian Life Ins. Co. Of Am.*, 295 F.3d 677, 679 (7th Cir. 2002); *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 873 (7th Cir. 1997). At this stage, if a defendant "clearly" shows that a plaintiff has not exhausted the appeal process, the burden then shifts to the plaintiff to allege either that (1) the plaintiff lacked "meaningful access to the review procedures" or (2) the "exhaustion of internal remedies would be futile." *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 402 (7th Cir. 1996). A failure to do so will result in dismissal.

Plaintiff's own filings make clear—and Plaintiff's Response does not contest [*see* DE 2; DE 8; DE 12]—that Plaintiff failed to exhaust his administrative remedies. The February 2026 benefits denial letter instructs Plaintiff to "appeal and request a review of this denial … within 180 days" and provides detailed directives for the submission of additional documents. [DE 1-3 at 5-6]. The Court finds nothing in Plaintiff's Complaint or briefing to suggest he undertook these "plan-required claims and appeals procedures mandated by ERISA." [DE 10 at 2].

The Complaint also does not allege that administrative review was futile. On the contrary, Defendant's letter ensures a wholesale review without "deference to the adverse benefit determination." [DE 1-3 at 6]. Plaintiff's own filings therefore "clearly point" to the fact that he did not extinguish his administrative remedies prior to raising his claim. *Baird*, 2024 WL 3983741, at *3. Accordingly, the Defendant's motion to dismiss will be granted.

Finally, under Rule 15(a) of the Federal Rules of Civil Procedure, the Court may grant leave to amend pleadings, and such leaving generally "shall be freely given when justice so requires." *See Feldman v. Am. Mem'l Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999) (citing Fed. R. Civ. P. 15(a)). However, "leave to amend is 'inappropriate where there is undue delay, bad faith, … or futility of the amendment.'" *Id.* (quoting *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992)). Here, Plaintiff brought a garden-variety state law claim which the Court has now deemed an ERISA claim in federal court. Based on this procedural posture, the Court will give the Plaintiff the opportunity to amend his Complaint under Rule 15(a).

## CONCLUSION

For all of these reasons, the Court **DENIES** Plaintiff's Motion for Remand [DE 7] and **GRANTS** Defendant's Motion to Dismiss [DE 4]. Plaintiff's Complaint is dismissed without prejudice. Plaintiff has until **December 3, 2026** to file an amended complaint. Failure to do so will result in the closure of this case.

SO ORDERED.

ENTERED: November 3, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court